WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha E. Payan, et al., | No. CV-17-1883-PHX-DMF |
| Plaintiffs, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendants. | |

This Order addresses Plaintiff Martha Payan's request to proceed without the prepayment of fees because of her indigency, as well as the complaint Plaintiffs filed on June 16, 2017.

In every case where a Plaintiff seeks to file a case without the prepayment of fees the Court is required to analyze plaintiff's complaint to determine whether that complaint should be dismissed because it is not a case that is properly brought in federal court. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff Martha E. Payan alleges she "was re-victimized by being exposed and having to witness her son . . . being 'brutalized'". Complaint at p. 2. (Doc. 1) Ms. Payan further alleges "intentional infliction of Emotional Distress, and "Great Hardship." *Id.* at p. 3. The Court is aware of no cause of action for "Great Hardship" nor for being "re-victimized." The State of Arizona does recognize a cause of action for intentional infliction of emotional distress but the deadline by which those claims must be brought, in other words, the applicable statute of limitations, is two years

after the incident in question. *See* A.R.S. § 12-542. Here the Complaint alleges that the incident took place January 2, 2015, a date more than two years ago. Thus it appears that any state claims would be time barred and would have to be dismissed.

It does not appear that Plaintiff Tommie Payan, Jr. has requested to proceed without the prepayment of fees because of his indulgency and thus he would have to pay the filing fee or submit an application to proceed without the prepayment of the filing fee. Assuming that Plaintiff Tommie Payan wishes to proceed without the prepayment of fees, the Court notes that he alleges "[1] Intentional Infliction of Emotional Distress[,] 2. Gross Negligence[,] 3. Police Brutality[,] 4. Great Hardship[,] 5. False Imprisonment[,] 6. Discrimination[,] 7. Assault and Battery." Doc. 1 at p. 3. If these seven claims are state law claims they would also appear to be barred by the applicable statute of limitations which as set forth above is two years for injuries to a person except the statute of limitations for false imprisonment is one year. A.R.S. § 12-541. Any Section 1983 claim alleging a violation of federal rights would also have to be brought within the applicable state statute of limitations. *Owens v. Okure*, 488 U.S. 235, 240-01 (1989).

The Court further observes that if these are indeed state claims they must be brought in state court absent a showing of federal court jurisdiction. Although it appears that Plaintiffs' claims are either time barred or do not invoke federal court jurisdiction, the Court will grant Plaintiffs leave to amend their complaint to demonstrate that these claims are properly brought in federal court.

Plaintiffs should understand that the federal courts of the United States are courts of *limited jurisdiction* and that only matters that are authorized under the Constitution or laws of the United States may be brought in federal court. In contrast, the state courts are courts of *general jurisdiction* and thus most matters are properly heard in state courts.

If there is federal jurisdiction for this case, Plaintiffs' complaint must show that this is so. The Federal Rules of Civil Procedure (available on-line or in any public library) require that Plaintiffs' complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Federal Rule of Civil Procedure 8(a)(1). Again,

federal court jurisdiction is limited to matters arising under the constitution and laws of the United States (this is called "federal question jurisdiction") or cases where citizens of different states are the plaintiff and defendant and the amount in controversy exceeds $75,000 (this is called "diversity jurisdiction"). If Plaintiffs contend that federal question jurisdiction exists, Plaintiffs must specifically state which Constitutional provision or federal statute confers such jurisdiction. A general or non-specific reference to the Constitution or laws of the United States is insufficient. Moreover, federal courts are required to respect state court proceedings and may decline to exercise jurisdiction over matters where a state court is engaged. *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). It may well be that Plaintiffs' grievances may be addressed in the Superior Court for the State of Arizona or the appellate courts of this state.

Again, to provide Plaintiffs with the opportunity to allege federal court jurisdiction if Plaintiffs think it exists, the Court will grant Plaintiffs leave to file an amended complaint. Any amended complaint must comply with Federal Rule of Civil Procedure 8(a) and therefore must satisfy the jurisdictional showing discussed above as well as set forth "a short and plain statement of the claim showing that [Plaintiffs] are entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Plaintiffs must take care to set forth specifically which federal statute or provision of the U.S. Constitution was violated by which defendant.

**IT IS HEREBY ORDERED** that Plaintiffs shall file an amended complaint complying with this Order within twenty-one (21) days of the date of this Order. The Court will hold in abeyance its ruling on the request to proceed without the prepayment of fees until after it has had the opportunity to review Plaintiffs' amended complaint. Plaintiffs are advised that failure to comply with this Order may result in the dismissal of this matter. Plaintiffs are further advised that if both are seeking to proceed without the

. . .

. . .

. . .

prepayment of fees and costs, Mr. Payan must also submit that request on the form developed by this Court.

Dated this 20th day of June, 2017.

David K. Duncan
United States Magistrate Judge

*Magistrate Judge Duncan signing for Magistrate Judge Fine